By the Court.
The sheriff of Trumbull county levied an attachment in favor of Morgan, Root.& Co. upon the personal property of the debtor, and during his possession under the levy, Childs, Groff & Co. caused an attachment, issued by a justice of the peace against the same debtor, to be placed in the hands of a constable, who, with the assent of the sheriff, went through all the forms of making a levy on the same property. The constable returned on his writ that he “ attached the property subject to” the previous levy of the sheriff, in whose possession the property then remained. Subsequently, and while the sheriff was still in possession of *558 the property, writs of attachment procured by Joel J. Bailey & Co., and Edwards, Townsend &■ Co., against the same •debtor, came to his hands, and were by him levied on the goods. The property was sold under an order of sale issued in the attachment proceeding of Morgan, Root & Co., and sold for more than enough to satisfy their claim.
Held: That the property in the custody of the sheriff was not subject to levy and seizure by the constable. While different attachments of the same property may be made by the same officer (Rev. Stats, sec. 5535), personal property held under attachment by one officer, can not be levied upon under a writ in the hands of another officer. In order to attach the property in the hands of the sheriff, he should have been proceeded against as a garnishee (Locke v. Butler, 19 Ohio St. 587). His assent to the so called levy did not change the rule.

Judgment modified.